TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
LAUREN RESTREPO (Cal. Bar No. 319873)
JONATHAN GALATZAN (Cal. Bar No. 190414)
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2727
Facsimile: (213) 894-6269
E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMED HOSSAM ELDIN ELBADAWY, et al.,<br><br>Defendants. | Case No. 2:24-CR-00595-JWH-1<br><br>**GOVERNMENT'S APPLICATION PURUSANT TO FED. R. CRIM. P. 32.2 FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE AS TO DEFENDANT AHMED HOSSAM ELDIN ELBADAWY** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff United States of America hereby applies for issuance of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b) as to the following property:

a. 174.93507503 Bitcoin, or the net proceeds of the sale thereof;

b. 1,306.745425583278022653 Ethereum, or the net proceeds of the sale thereof;

c. $62,720.00 in U.S. Currency;

d. One 2023 Evolution Lifted D3 Golf Cart, Serial Number 202303022;

e. One 2023 Can-Am Outlander x MR 1000R, VIN 3JBLWAX43PJ001634;

f. One 2017 BMW i8, VIN WBY2Z2C30HV676445;

g. One 2021 Chevrolet Corvette, VIN 1G1YB3D46M5122472;

h. One 2022 Mercedes Benz G63 AMG, VIN W1NYC7HJ0NX443319;

i. One painting of Muhammad Ali;

j. One Audemars Piguet watch;

k. One gold ring;

l. One rose gold watch face;

m. One rose gold ring;

n. One Patek Philippe watch;

o. One Patek Philippe watch face;

p. One Rolex watch;

q. Three rose gold-colored grills;

r. One bag labeled “Johnny Dang and Co”;

s. Two bracelets;

t. One rose gold watch band;

u. Two rose gold necklaces;

v. One Dior duffle bag;

w. One blue Louis Vuitton duffle bag;

x. One blue Louis Vuttion shoulder bag;

y. One gray Louis Vuitton backpack;

z. One gray Louis Vuitton fanny pack;

aa. One black Louis Vuitton satchel;

bb. One black Louis Vuitton backpack;

cc. One black Louis Vuitton fanny pack;

dd. Three black Coach backpacks;

ee. One white Gucci handbag;

ff. One white Gucci backpack;

gg. One Gucci logo duffle;

hh. One brown Coach backpack;

ii. One Christian Louboutin backpack;

jj. One black Louis Vuitton duffle bag;

kk. Black MCM Dog;

ll. Cognac MCM Dog;

mm. Two Gucci wallets;

nn. One black Balenciaga duffle bag;

oo. One white Prada fanny pack; and

pp. 150 pairs of shoes.

This application, which deals solely with the specific property as to which forfeiture is sought (described in detail above), is supported by defendant’s conviction and the matters set forth in the accompanying Memorandum of Points and Authorities.

Dated: September 15, 2026

Respectfully Submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant AHMED HOSSAM ELDIN ELBADAWY ("defendant") entered a plea of guilty on September 18, 2025, as to Counts One and Three of the Indictment, which charges defendant with Wire Fraud Conspiracy and Aggravated Identity Theft, in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1028A(a)(1). Pursuant to the Forfeiture Allegation of the Indictment and Fed. R. Crim. P. 32.2(b), the government now applies for the entry of the Preliminary Order of Forfeiture of the following property:

a. 174.93507503 Bitcoin, or the net proceeds of the sale thereof;

b. 1,306.745425583278022653 Ethereum, or the net proceeds of the sale thereof;

c. $62,720.00 in U.S. Currency;

d. One 2023 Evolution Lifted D3 Golf Cart, Serial Number 202303022;

e. One 2023 Can-Am Outlander x MR 1000R, VIN 3JBLWAX43PJ001634;

f. One 2017 BMW i8, VIN WBY2Z2C30HV676445;

g. One 2021 Chevrolet Corvette, VIN 1G1YB3D46M5122472;

h. One 2022 Mercedes Benz G63 AMG, VIN W1NYC7HJ0NX443319;

i. One painting of Muhammad Ali;

j. One Audemars Piguet watch;

k. One gold ring;

l. One rose gold watch face;

m. One rose gold ring;

n. One Patek Philippe watch;

o. One Patek Philippe watch face;

p. One Rolex watch;

q. Three rose gold-colored grills;

r. One bag labeled "Johnny Dang and Co";

s. Two bracelets;

t. One rose gold watch band;

u. Two rose gold necklaces;

v. One Dior duffle bag;

w. One blue Louis Vuitton duffle bag;

x. One blue Louis Vuttion shoulder bag;

y. One gray Louis Vuitton backpack;

z. One gray Louis Vuitton fanny pack;

aa. One black Louis Vuitton satchel;

bb. One black Louis Vuitton backpack;

cc. One black Louis Vuitton fanny pack;

dd. Three black Coach backpacks;

ee. One white Gucci handbag;

ff. One white Gucci backpack;

gg. One Gucci logo duffle;

hh. One brown Coach backpack;

ii. One Christian Louboutin backpack;

jj. One black Louis Vuitton duffle bag;

kk. Black MCM Dog;

ll. Cognac MCM Dog;

mm. Two Gucci wallets;

nn. One black Balenciaga duffle bag;

oo. One white Prada fanny pack; and

pp. 150 pairs of shoes (collectively, the "Forfeitable

Property").

A proposed order is lodged contemporaneously herewith. The government also requests that the forfeiture of the Forfeitable Property be stated orally at defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

## II. ARGUMENT

### A. The Nexus Between Defendant's Crime and the Forfeitable Property Has Been Established by the Defendant's Guilty Plea

As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense. Fed. R. Crim. P. 32.2(b)(1). The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, e.g., whether the property represented the proceeds of the offense or was used to facilitate the offense, or was involved in the offense in some other way." Advisory Committee Notes to Rule 32.2, subdivision (b) (2000 Adoption). The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence. See United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); United States v. Bieri, 21 F.3d 819 (8th Cir. 1994) (§ 853).

Thus, the only question before the Court in connection with the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a preponderance of the evidence that there is a nexus between the specific property to be forfeited, and the offense to which defendant pled guilty. See Rule 32.2(b)(1).

The existence or extent of third-party interests in the specific property will be determined after the entry of the preliminary order. See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property.") The preliminary order should be entered promptly in order to avoid unnecessary delay in the forfeiture process and resolve potential third-party rights. United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005). The defendant need not be present when the preliminary order is entered. United States v. Segal, 495 F.3d 826, 837-38 (7th Cir. 2007).

The government is not required to establish the defendant's ownership of the property either to seize it or to obtain a preliminary order of forfeiture, and third parties are prohibited from intervening in the criminal case and cannot complain that they have to wait for the ancillary proceeding to assert their rights. Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006); 18 U.S.C. § 1963(i). As explained in the Advisory Committee Notes to Rule 32.2 (2000), the Rule was revised with the intent to eliminate confusion over whether the extent of the defendant's ownership interest should be determined by the finder of fact. The new rule clarified that the

only question upon conviction or a guilty plea is whether there is a nexus between the violation of which the defendant has been convicted (or to which he has pled) and the property sought - if there is, the court should enter an order forfeiting "whatever interest a defendant may have in the property without having to determine exactly what that interest is." A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

Here, all the proof that is necessary is contained in plea agreement, whereby Defendant admitted that the Forfeitable Property was subject to forfeiture as property representing proceeds of the offense or used to facilitate the offense or involved in the offense in some other way regarding the crimes to which he pled guilty, namely 18 U.S.C. § 1349 and 18 U.S.C. § 1028A(a)(1).

Therefore, the requirements of Rule 32.2(b) have been met and the proposed Preliminary Order should be entered.

**B. The Mechanics of the Criminal Forfeiture**

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing, if defendant consents). Rule 32.2(b)(4)(A). After entry of the preliminary order, the second phase of the forfeiture proceedings may begin, to determine whether any third-party rights may exist in the specific property to be forfeited. Fed. R. Crim. P. 32.2(c)(1).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done

so) and to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3). Following the Court's disposition of any third-party interests, or the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions, the government shall have clear title to the Forfeitable Property.

**III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant and must include the forfeiture in the judgment and commitment order. Fed. R. Crim. P. 32.2(b)(4). The government recommends the following language be read to the defendant and modified as necessary for inclusion in the judgment and commitment order at the time of his sentencing:

> Pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c), and the Indictment, defendant AHMED HOSSAM ELDIN ELBADAWY has forfeited all of defendant's right, title, and interest in the specific property more particularly described in the Preliminary Order of Forfeiture entered on [date].

//

//

//

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Order of Forfeiture lodged herewith.

Dated: September 15, 2026

Respectfully Submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA